UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARCEL BIBEAU,

                          Plaintiff,

        -against-                                    8:08-CV-0671 (LEK/RFT)

DR. LAURA SODEN, Ph.D.,
DR. SAMUAL BASTIEN, VI, Ph.D.,
JOETTE HOLGADO,

                          Defendants.

_____

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on February 2, 2009  by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 20). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Bibeau, which were filed on February 12, 2009.  Objections (Dkt. No. 21).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

1

The Court also notes that in the Objections, Plaintiff requests "a chance to submit a 'Amended Complait' [sic]."  Dkt. No. 21.  Although Fed. R. Civ. P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served," where as here, a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . ."  Leave to amend should be denied in the case of delay, bad faith, futility, or prejudice to the non-moving party.  Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 604-05 (2d Cir. 2005).  Leave to amend may be denied as futile "where the claim or defense proposed to be added has 'no colorable merit'".  Oliver v. Demarinis & Co., 90 Civ. 7950(SS), 1993 WL 33421 at *5 (S.D.N.Y. Jan. 29, 1993) (citation omitted); see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984).

Plaintiff has not included a proposed amended complaint, and has not indicated what effect any amended complaint would have on the alternative bases for dismissal, as set forth in the Report-Recommendation.  To the extent that the arguments put forth by Plaintiff in his Objections may be construed as the basis on which he now seeks to amend his complaint, the Court has considered those arguments and finds that the addition to an amended complaint of allegations involving those arguments would not be sufficient to overcome a motion to dismiss.  Therefore, leave to amend the Complaint based on those arguments is denied as futile.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is

2

further

     **ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in its entirety**; and it is

further

     **ORDERED**, that the Clerk serve a copy of this Order on all parties.

     **IT IS SO ORDERED**.

DATED:     March 13, 2009
              Albany, New York

                           Lawrence E. Kahn
                           U.S. District Judge